Douglas Han, WSBA # 59429
Shunt Tatavos-Gharajeh, WSBA # 59424
April Rhéaume, WSBA #57119
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
Telephone: (818) 230-750
Facsimile: (818) 230-7259

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

JOSE GARCIA, and PABLO RODRIGUEZ-HERNANDEZ, each individually and on behalf of all others similarly situated,

Plaintiff,

v.

EL ORO CATTLE FEEDERS, LLC, an Idaho limited liability company; and WASHINGTON BEEF, LLC, an Idaho limited liability company,

Defendants.

Case No. 2:26-cv-00215-ACE

**SECOND AMENDED AND SUBSTITUTED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiffs Jose Garcia and Pablo Rodriguez-Hernandez, by their undersigned counsel, for their Second Amended and Substituted Class Action complaint against Defendants El Oro Cattle Feeders, LLC, ("El Oro Cattle Feeders") and Washington Beef, LLC, ("Washington Beef") alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in a systematic scheme of wage and hour abuses against their Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; (6) making unlawful deductions and rebates from employees' wages; and (7) recordkeeping violations. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiffs and the Class members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiffs and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendants removed this case from the Yakima County Superior Court to the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. §§ 1332(d) and therefore are within the jurisdiction of this Court.

2.2 Venue. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) in the United States District Court for the Eastern District of Washington because the state action is pending in the Yakima County Superior Court.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.3 Governing Law. The claims asserted on behalf of Plaintiffs and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiffs. Plaintiffs are residents of Washington. Defendants El Oro Cattle Feeders and Washington Beef hired Plaintiffs as hourly-paid or non-exempt employees during the relevant time period.

3.2 Defendants. Defendants El Oro Cattle Feeders, LLC and Washington Beef, LLC are Idaho limited liability companies with their principal place of business in Boise, Idaho.

3.3 Corporate Organization. Agri Beef Co. owns and operates several subsidiary corporations which all share relevant employment-related infrastructure, policies, and practices and operate as a vertically integrated enterprise, including Defendant El Oro Cattle Feeders, LLC, AB Livestock, LLC, AB Foods, LLC, AB Genetics, LLC, Defendant Washington Beef, LLC, and PerforMix Nutrition System, LLC. The subsidiaries employ individuals to perform the work needed to operate, including hourly-paid individuals.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rules of Civil Procedure Rule 23, Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from January 17, 2022, to final disposition of this action.

Excluded from the Class are any entity in which Defendants have a controlling interest or which has a controlling interest in any of Defendants, and Defendants'



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Plaintiffs believe that more than 40 people have worked as hourly-paid or non-exempt employees for Defendants in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiffs and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendants have engaged in a common course of requiring Plaintiffs and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiffs and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiffs and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

g. Whether Defendants have engaged in a common course of failing to pay Plaintiffs and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members.

i. Whether Defendants have engaged in a common course of making deductions and collecting rebates from the wages of Plaintiffs and the Class members by requiring Plaintiffs and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendants have engaged in a common course of failing to pay Plaintiffs and the Class members all the wages to which they are entitled;

k. Whether Defendants failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiffs and the Class members;

l. Whether Defendants failed to furnish itemized pay statements to Plaintiffs and the Class members;

m. Whether Defendants failed to adequately disclose all required pay information on pay statements each time wages were paid to Plaintiffs and the Class Members;

n. Whether Defendants failed to adequately disclose employer contact information on pay statements each time wages were paid to Plaintiffs and the Class members;

o. Whether Defendants willfully deprived Plaintiffs and the Class members of the wages to which they were entitled;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

p. Whether Defendants have violated RCW 49.12.020;

q. Whether Defendants have violated WAC 296-126-092;

r. Whether Defendants have violated RCW 49.46.130;

s. Whether Defendants have violated RCW 49.46.090;

t. Whether Defendants have violated RCW 49.46.210;

u. Whether Defendants have violated RCW 49.48.010;

v. Whether Defendants have violated WAC 296-126-025;

w. Whether Defendants have violated WAC 296-126-028;

x. Whether Defendants have violated WAC 296-128-620;

y. Whether Defendants have violated RCW 49.52.050;

z. Whether Defendants have violated WAC 296-131-020;

aa. Whether Defendants have violated WAC 296-131-015; and

bb. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiffs' claims are typical of the claims of the members of the Class because Defendants employed Plaintiffs as hourly-paid or non-exempt employees in the State of Washington. The claims of Plaintiffs, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendants have engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiffs and the Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendants' records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff Garcia. Defendant El Oro Cattle Feeders employed Plaintiff Garcia as a driver at their Moses Lake facility from on or about August 24, 2022, to on or about June 4, 2023. Plaintiff was managed by Alex Tofani, who is an employee of Agri Beef Co. His base rate of pay throughout his employment was $17.00 per hour.

5.2 Employment by El Oro Cattle Feeders and Contacts with Agri Beef Co., Plaintiff was employed by Defendant El Oro Cattle Feeders, a subsidiary of Agri Beef Co., at Agri Beef's Moses Lake location. Plaintiff was offered employment benefits by Agri Beef Co., such as health insurance. Plaintiff was required to sign and abide by employment policies and procedures that were drafted and distributed by Agri Beef Co., including Agri Beef Co.'s Animal Well-Being policy, Information Technology policy, Driver Conduct policy, Social Media



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

guidelines, and Employee Handbook. Agri Beef Co., administered payroll and timekeeping software for Plaintiff during his employment using UKG Kronos and/or UltiPro Human Resources software. Defendant El Oro Cattle Feeders, LLC., and Agri Beef Co. managed Plaintiff's compliance with safety rules and procedures, including having disciplined him on May 8, 2023, for an alleged safety violation.

5.3 Meal Break Violations. Plaintiff was routinely denied the opportunity to take meal breaks because he was too busy performing his job duties at Defendant El Oro Cattle Feeders' direction, the Moses Lake facilities were understaffed, and Defendant failed to ensure Plaintiff took his meal breaks, including by failing to relieve him from his work duties duty in a timely manner (if at all). On the occasions where Plaintiff attempted to take a meal break, it was frequently interrupted by business needs, or by Defendant instructing Plaintiff to perform work tasks. Defendant also failed to provide and ensure that Plaintiff took additional meal breaks when working shifts longer than or equal to eleven hours.

5.3.1 *Missed First Meal Breaks.* Defendant routinely required Plaintiff to work through entire shifts without the relief of any thirty-minute unpaid meal breaks. For example, and without limitation, Defendant's own time records show that Defendant failed to provide Plaintiff with any meal breaks for the period from September 26, 2022, through November 4, 2022. This is so even though Defendant's time records show Plaintiff working at least ten hours for each shift he worked during this time period (28 shifts over a course of 40 days, about an average of 6 days per week). As a specific example, Defendant's time records for Plaintiff show that he clocked in at 4:43 am on October 5, 2022, and then clocked out at 5:24 pm, for a total of 12.68 hours of recorded work time. Defendant's time records reflect that Defendant did not provide Plaintiff any meal break during this



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

period. Furthermore, Defendant instructed its employees, including Plaintiff, to clock in and out when taking meal breaks from work.

5.3.2 *Late First Meal Breaks.* When Defendant did provide Plaintiff with a meal break, it failed to do so in a timely manner and Defendant's time records reflect this fact. For example and without limitation, Defendant's time records for Plaintiff from November 13, 2022 show him clocking in for work at 4:51 am and clocking out (ostensibly for a meal break) at 11:00 am (6 hours and 9 minutes without a meal break), clocking back in at 11:29 am (a 29-minute lunch), and ultimately clocking out for the day at 3:37 pm (4 hours and 8 minutes) for a total of 10.28 hours of recorded work that day. This constitutes a late meal break.

5.3.3 *Short and Interrupted Meal Breaks.* When Defendant's time records do show that Plaintiff took a meal break during his shift, the records also occasionally show it lasting less than a full thirty minutes. For example and without limitation, Defendant's time records for Plaintiff from November 13, 2022 show him clocking in for work at 4:51 am and clocking out (ostensibly for a meal break) at 11:00 am (6 hours and 9 minutes without a meal break), clocking back in at 11:29 am (a 29-minute lunch), and ultimately clocking out for the day at 3:37 pm (4 hours and 8 minutes) for a total of 10.28 hours of recorded work that day. This constitutes a short meal break. Plaintiff was also routinely interrupted during his attempts to take meal breaks.

5.3.4 *No Additional Meal Breaks.* Defendant's time records show that Plaintiff would routinely be required to work more than eleven hours in a day without any meal breaks, let alone a second meal break. For example, and without limitation, Defendant's time records for Plaintiff from May 16, 2023, show him clocking in at 4:33 am and out at 4:49 pm (12.27 recorded hours of work) without receiving *any* meal break, let alone two. Even on days when Plaintiff appears to



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

have received one meal break when he worked for eleven or more hours, Defendant failed to provide Plaintiff with a second meal break. For example, and without limitation, on December 22, 2022, Defendant's time records show Plaintiff clocking in at 4:54 am, clocking out (ostensibly for a meal break) at 12:14 pm (7.33 hours), clocking back in at 12:45 pm (31 minutes), and finally clocking out at 5:45 pm (5.0 hours), for a total of 12.33 hours of recorded work time. Defendant failed to provide Plaintiff with a second meal break, as evidenced in the records, despite Plaintiff having worked over eleven hours that day.

5.4 Rest Break Violations. Defendant El Oro Cattle Feeders did not schedule rest breaks, and Defendant's operations and business needs were such that it was difficult, if not impossible, for Plaintiff to successfully take a timely and compliant rest break. Plaintiff almost never received a compliant rest break during his employment with Defendant.

5.5 Overtime Regular Rate of Pay Violations. Plaintiff was not paid overtime at one-and-a-half-times his regular rate of pay when he was paid overtime. To be specific, and without limitation, in December of 2022, Defendant El Oro Cattle Feeders paid Plaintiff a $1,000 bonus. During that same pay period, Defendant recorded that Plaintiff worked 19.0334 hours of overtime. Defendant paid Plaintiff those overtime hours at $25.50 per hour (exactly 1.5-times his base rate of pay at the time, $17.00 per hour). This bonus should have been factored into Plaintiff's pay for purposes of calculating his regular rate of pay. Defendant did not include this bonus in calculating Plaintiff's regular rate of pay. The same issue recurs. Plaintiff was paid a bonus of $500 in March of 2023, was recorded as having worked 3.2167 hours of overtime that pay period, was paid overtime at $25.50 per hour (with the same base rate of $17.00 per hour), and thus that bonus was not factored into his regular rate of pay calculation. Defendant did not factor either of



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

these bonuses into Plaintiff's earned overtime pay when calculating his overtime paid.

5.6 Off-the-Clock Work. Defendant El Oro Cattle Feeders failed to accurately compensate Plaintiff for all hours of work in various ways.

5.6.1 *"Paper" Lunches.* Defendant required Plaintiff to perform work duties while clocked out for meal breaks, during which time he was not being compensated at all. Plaintiff's supervisor required Plaintiff to clock out for a thirty-minute meal break but continue working throughout the thirty-minute unpaid break.

5.6.2 *Pre-Shift Work Duties.* Defendant required Plaintiff to wait in line prior to clocking in for work, to perform pre-shift work such as pre-trip vehicle inspections and/or donning personal protective equipment.

5.6.3 *Post-Shift Work Duties.* Defendant required Plaintiff to perform work off-the-clock after having clocked out of work for the day including putting away equipment, cleaning, and/or doffing personal protective equipment.

5.6.4 *Independent Medical Exam.* During Plaintiff's employment, Plaintiff filed a claim for worker's compensation benefits with the Washington Department of Labor & Industries. Plaintiff was required to attend an Independent Medical examination on April 13, 2023, as part of that claim. Neither Defendant's time records nor Defendant's payroll register reflect that Defendant reimbursed Plaintiff for his expenses or paid for his time spent conducting this medical exam, even though such was required. Agri Beef, Co., self-insures for worker's compensation claims for its subsidiaries, including all Defendants.

5.7 Sick Leave. Because Defendant El Oro Cattle Feeders failed to accurately account for all of Plaintiff's hours of work, it also failed to compensate him with accrual of the appropriate amounts of sick leave for all hours of work.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.8 Unreimbursed Business Expenses & Deductions. Defendant El Oro Cattle Feeders required Plaintiff to purchase and/or use personal equipment during work hours to perform essential job duties. Defendant also deducted "meat" expenses from Plaintiff's pay. For example, Plaintiff's pay was deducted by $380.30 for "Meat" on his November 23, 2022, pay statement.

5.9 Final Pay. Due to Defendant El Oro Cattle Feeders' various failure to accurately capture all of Plaintiff's hours of work, and due to Defendant's various failure to compensate employees correctly throughout many pay periods, it thereby failed to timely compensate employees, including Plaintiff, with all wages and compensation owed timely after the end of their employment.

5.10 Willfulness. During the relevant time period, Defendant El Oro Cattle Feeders has at all times been aware of its obligation to provide meal and rest breaks and to compensate its employees for all hours of work. Defendant at all times has retained time records on behalf of its employees, including time records that show clear meal and rest break violations (to the extent they are accurate). Furthermore, Defendant closely monitored its labor costs as part of its ongoing internal analysis of its own cost accounting yet ignored at best or actively promoted at worst the ongoing non-compliance with Washington law as a cost-saving measure.

5.11 Plaintiff Rodriguez-Hernandez. Defendant Washington Beef, a subsidiary of Agri Beef Co., employed Plaintiff as a meat cutter at Agri Beef's Toppenish facility from on or about February of 2022 to on or about December of 2025. Plaintiff was managed by Frank Castañeda, an Agri Beef Co. employee. Plaintiff's starting rate of pay was $17.50; his final rate of pay was $22.00 per hour.

5.12 Employment by Washington Beef and Contacts with Agri Beef Co. Plaintiff was employed by Defendant Washington Beef. Plaintiff was offered employment benefits by Agri Beef Co., such as meat purchase plans. Plaintiff was



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

required to sign and abide by employment policies and procedures that were drafted and distributed by Agri Beef Co., including Agri Beef Co.'s Employee Personal Information Set-Up Sheet, Payroll Deduction Authorization, and Employee Handbook. Agri Beef Co. administered payroll and timekeeping software for Plaintiff during his employment using UKG Kronos and/or UltiPro Human Resources software.

5.13 Meal Break Violations. Defendant Washington Beef required Plaintiff to perform work duties, such as donning and doffing equipment, during his meal breaks to ensure he returned to work immediately after his meal breaks ended. Defendant also required Plaintiff to continue processing pieces of meat that came down the line into his meal breaks. Consequently, Plaintiff's meal breaks were cut short as the meal breaks always restarted strictly on time, thirty-minutes (30) after the start time.

5.14 Rest Break Violations. Defendant Washington Beef required Plaintiff Rodriguez-Hernandez to perform work duties, such as donning and doffing equipment, during his rest breaks to ensure he returned to work immediately after his rest breaks ended. Defendant also required Plaintiff Rodriguez-Hernandez to continue processing pieces of meat that came down the line into his rest breaks. Consequently, Plaintiff Rodriguez-Hernandez's rest breaks were cut short as the rest breaks always restarted strictly on time, ten-minutes (10) after the start time.

5.15 Off-the-Clock Work. Defendant Washington Beef failed to accurately compensate their workers for all hours of work in various ways.

5.15.1 *Pre-Shift Work Duties.* Defendant required Plaintiff to wait in line prior to clocking in for work, to perform pre-shift work such as donning personal protective equipment.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.15.2 *Post-Shift Work Duties.* Defendant required Plaintiff to perform work off-the-clock after having clocked out of work for the day including putting away equipment, cleaning, and/or doffing personal protective equipment.

5.16 Sick Leave. Because Defendant Washington Beef failed to accurately account for all of Plaintiff's hours of work, it also failed to compensate him with accrual of the appropriate amounts of sick leave for all hours of work.

5.17 Unreimbursed Business Expenses & Deductions. Defendant Washington Beef required Plaintiff to purchase and/or use personal equipment during work hours to perform essential job duties, including work boots.

5.18 Final Pay. Due to Defendant Washington Beef's various failure to accurately capture all of Plaintiff's hours of work, and due to Defendant's various failure to compensate employees correctly throughout many pay periods, it thereby failed to timely compensate employees, including Plaintiff, with all wages and compensation owed timely after the end of their employment.

5.19 Willfulness. During the relevant time period, Defendant Washington Beef has at all times been aware of its obligation to provide meal and rest breaks and to compensate their employees for all hours of work. Defendant at all times have retained time records on behalf of its employees, including time records that show clear meal and rest break violations (to the extent they are accurate). Furthermore, Defendant closely monitored its labor costs as part of its ongoing internal analysis of its own cost accounting yet ignored at best or actively promoted at worst the ongoing non-compliance with Washington law as a cost-saving measure.

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

8.1 The foregoing allegations describe Plaintiffs' own experiences working for Defendants, which they re-alleges and incorporates herein. But



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiffs' experiences were not unique. Rather, it was the predictable result of Defendants' standardized, company-wide payroll, timekeeping, and compensation practices, which applied uniformly to Plaintiffs and other similarly situated employee Class members. The following allegations concern Defendants' common policies and practices that affected the Class as a whole.

8.2 Failure to provide rest breaks. Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with a paid ten-minute rest break for every four hours of work.

8.3 Defendants have engaged in a common course of requiring or permitting Plaintiffs and the Class members to work more than three consecutive hours without a rest break.

8.4 Defendants have engaged in a common course of failing to ensure Plaintiffs and the Class members have taken the rest breaks to which they are entitled.

8.5 Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

8.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendants receive the benefit of ten minutes worked without paying for the time worked.

8.7 As a result of Defendants' common course of failing to provide proper rest breaks to Plaintiffs and the Class members, Defendants failed to maintain accurate records of hours worked by Plaintiffs and the Class members.

8.8 Defendants had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.9 Failure to provide meal breaks. Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with a thirty-minute meal break for every five hours of work.

8.10 Defendants have engaged in a common course of requiring or permitting Plaintiffs and the Class members to work more than five consecutive hours without a meal break.

8.11 Defendants have engaged in a common course of failing to ensure Plaintiffs and the Class members have received the meal breaks to which they are entitled.

8.12 Defendants have engaged in a common course of failing to ensure Plaintiffs and the Class members are fully relieved of all work duties during their meal breaks.

8.13 Defendants have engaged in a common course of failing to provide Plaintiffs and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

8.14 Defendants had actual or constructive knowledge of the facts set forth above.

8.15 Failure to pay minimum wages for all hours worked. Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked.

8.16 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked by failing to provide Plaintiffs and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

8.17 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked by failing



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

to provide Plaintiffs and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

8.18 Defendants had actual or constructive knowledge of the facts set forth above.

8.19 Failure to pay all overtime wages due. Defendants have engaged in a common course of failing to pay Plaintiffs and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

8.20 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

8.21 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

8.22 Defendants had actual or constructive knowledge of the facts set forth above.

8.23 Unlawful Deductions and Rebates. Defendants have engaged in a common course of making deductions and collecting rebates from the wages of Plaintiffs and the Class members.

8.24 Defendants have engaged in a common course of requiring Plaintiffs and the Class members to incur employer expenses and failing to reimburse them.

8.25 Defendants had actual or constructive knowledge of the facts set forth above.

8.26 Failure to accrue and allow use of paid sick leave. Defendants has engaged in a common course of failing to accrue sick leave for and failing to allow



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members.

8.27 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiffs and the Class members.

8.28 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for each missed rest break.

8.29 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for each missed meal break.

8.30 Defendants had actual or constructive knowledge of the facts set forth above.

8.31 <u>Failure to pay all wages due at termination.</u> Defendants have engaged in a common course of failing to pay Plaintiffs and the Class members all wages due at termination.

8.32 Defendants have actual or constructive knowledge of the facts set forth above.

8.33 <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.34 Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiffs and the Class members worked each day or the total hours they worked each week.

8.35 Defendants had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

## (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Breaks)

9.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

9.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest breaks during their shifts.

9.6 Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

9.7 Under Washington law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.8 Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

9.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

9.10 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Breaks)**

10.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

10.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

10.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

10.5 WAC 296-126-092 provides that employees shall be allowed certain meal breaks during their shifts.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.6 Under Washington law, Defendants have an obligation to provide employees with the meal breaks to which they are entitled.

10.7 Under Washington law, Defendants have an obligation to ensure that employees receive the meal breaks to which they are entitled.

10.8 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

10.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

10.10 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

## (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

11.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

11.3 By the actions alleged above, Defendants have violated the provision of RCW 49.46.130.

11.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

## (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

12.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

12.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. FIFTH CLAIM FOR RELIEF

## (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

13.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiffs and the Class members at their regular and normal wages.

13.4 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.210 and WAC 296-128-620.

13.5 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

## (Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)

14.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

14.3 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

14.4 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

14.5 By the actions alleged above, Defendants have violated the provisions of RCW 49.52.060 and WAC 296-126-028.

14.6 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XIII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

15.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

15.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

15.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

15.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIV. EIGHTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

16.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

16.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

16.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

16.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

16.5 As a result of the willful, unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XV. NINTH CLAIM FOR RELIEF

**(Violations of WAC 296-131-020 — Failure to Provide Rest Breaks)**

17.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

17.2 WAC 296-131-020 provides that employees shall be allowed certain paid rest breaks during their shifts.

17.3 WAC 296-131-020(2) states: "(2) Every employee shall be allowed a rest period of at least ten minutes, on the employer's time, in each four-hour period of employment. For purposes of computing the minimum wage on a piecework basis, the time allotted an employee for rest periods shall be included in the number of hours for which the minimum wage must be paid."

17.4 Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

17.5 Under Washington law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

17.6 Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

17.7 By the actions alleged above, Defendants have violated the provisions of WAC 296-131-020.

17.8 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs. *Martinez-Cuevas v. DeRuyter Bros. Dairy*, 196 Wn.2d 506, 526 (2020).

## XVI. TENTH CLAIM FOR RELIEF

### (Violations of WAC 296-131-020 — Failure to Provide Meal Breaks)

18.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

18.2 WAC 296-131-020 provides that employees shall be allowed certain meal breaks during their shifts.

18.3 WAC 296-131-020(1) states "(1) Every employee employed more than five hours shall receive a meal period of at least thirty minutes. Employees working eleven or more hours in a day shall be allowed at least one additional thirty-minute meal period."

18.4 Under Washington law, Defendants have an obligation to provide employees with the meal breaks to which they are entitled.

18.5 Under Washington law, Defendants have an obligation to ensure that employees receive the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

18.6 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

18.7 By the actions alleged above, Defendants has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

18.8 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs. *Martinez-Cuevas v. DeRuyter Bros. Dairy*, 196 Wn.2d 506, 526 (2020).

## XVII. ELEVENTH CLAIM FOR RELIEF

**(Violations of RCW 49.030.020 and WAC 296-131-015 — Failure to Provide Adequate Pay Statements)**

19.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

19.2 RCW 49.30.020 requires employers to provide certain information to employees each time wages are paid.

19.3 RCW 49.030.020 requires employers to identify "the pay basis in hours or days worked, the rate or rates of pay, the gross pay, and all deductions from the pay for the respective pay period" on each pay statement each time wages are paid.

19.4 WAC 296-131-015 also requires employers to provide certain information on pay statements each time wages are paid.

19.5 WAC 296-131-015 requires employers to "identify the employee, show the number of hours worked or the number of days worked based on an eight-hour day, the rate or rates of pay, the number of piece work units earned if paid on



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

a piece work basis, the gross pay, the pay period, all deductions and the purpose of each deduction for the respective pay period."

19.6 WAC 296-131-015 also requires employers to include the employer's name, address, and telephone number."

19.7 Under Washington law, an employer has a duty to provide its employees with this information on pay statements each time wages are paid.

19.8 By the actions alleged above, Defendants have failed to provide the required disclosures to their employees each time wages were paid.

19.9 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of accurate information about their employment relationship, and wages due, wages paid.

## XVIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendants, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiffs as Class representatives;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiffs and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

G. Award pre-judgment and post-judgment interest to Plaintiffs, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 15th day of May, 2026.

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
*Shunt Tatavos-Gharajeh, WSBA #59424*
Email: statavos@justicelawcorp.com
*/s/ April Rhéaume*
*April Rhéaume, WSBA #57119*
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

**NOLAN LIM LAW FIRM, PS**

By*: /s/ Nolan Lim*
Nolan Lim, WSBA #36830
Email: nolan@nolanlimlaw.com
1111 Third Avenue, Suite 1850
Seattle, Washington 98101

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On May 15, 2026, the below-referenced document was transmitted to the addressee(s)

at the e-mail addresses listed herein:

**SECOND AMENDED AND SUBSTITUTED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

**[X] By Electronic Mail**
**[X] By ECF**

Sean M. Worley
Sean.Worley@stokeslaw.com
Brendan V. Monahan
Brendan.Monahan@stokeslaw.com
Justo G. González
Justo.Gonzalez@stokeslaw.com
Sarah J. Armon
Sarah.Armon@stokeslaw.com
Susan Soto Palmer
Susan.Palmer@stokeslaw.com
Amber Cuevas
Amber.Cuevas@stokeslaw.com
Laura A. Smith
Laura.Smith@stokeslaw.com
Casey Kendrick
Casey.Kendrick@stokeslaw.com
**STOKES LAWRENCE VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, WA 98901-2757

*Attorney(s)* for Defendants El Oro Cattle Feeders, LLC and Washington Beef, LLC

Executed on May 15, 2026, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan



JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com